STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-10-034

*GAB - YOR - 7/27/2011*

JOHN SPEED,

        Petitioner

v.

**ORDER**

DONNA L. COTE,
SUPERVISOR,
SEX OFFENDER REGISTRY,
DEPARTMENT OF PUBLIC SAFETY,

        Respondent

This is a Rule 80C appeal from a decision of the Department of Public Safety, Sex Offender Registry, denying Mr. Speed's application for relief from duty to register. Following hearing, the appeal is Denied.

Mr. Speed was convicted of a Gross Sexual Assault (Class A) in July, 1990. He was sentenced to a twenty-year term of imprisonment, with all but 12 years suspended, and six years of probation. He was finally discharged from custody in October, 2003. However, in February, 2006 he was notified that he had been classified as a lifetime SORNA registrant. 34-A M.R.S.A. §11201, *et seq.* He registered as required from 2006 until April, 2010, when he filed this application for relief from the duty to register. In August, 2010 the application was denied.

In this appeal, Mr. Speed argues that the application 34-A M.R.S.A. §11201 (SORNA-1999) violates both the State and Federal constitutions by imposing *ex post facto* punishment on him and doing so in violation of his "Due Process" rights.

At the time Mr. Speed was convicted in 1990, Maine law did not require that he register as a sex offender. A series of legislative actions followed thereafter requiring

registration by certain convicted sex offenders. By 2005 SORNA had been amended to apply retroactively. A person convicted of a Class A offense (as was the case with Mr. Speed) was required to register for life; report to local law enforcement in person every ninety days; submit to fingerprinting and being photographed and there was no procedure for relief from these requirements.

In *State v. Letalien,* 2009 ME 130, 985 A.2d 4, the Law Court held that the retroactive application of SORNA-1999 in certain cases, such as Mr. Speed's, was unconstitutional – it violated the prohibition against *ex post facto* legislation.

In response to the *Litalien* decision, the Legislature further amended SORNA. It continues to require lifetime registration, but permits those to whom it applies retroactively to petition for relief from the duty to register ten years after final discharge from sentence, assuming certain criteria are met. The Legislature further amended SORNA to require only mail verification of address quarterly, with in person verification at five-year intervals, although law enforcement may require a photograph sooner if there is reason to believe there has been a significant change of appearance.

Mr. Speed's application was denied on the sole basis that ten years had not yet passed since discharge from his sentence. Notwithstanding the amendments to SORNA in response to *Litalien,* Mr. Speed argues that SORNA continues to violate his constitutional rights.[1] The question here presented is whether the amendments to SORNA cure the constitutional defects noted in *Litalien.*

The Law Court in *Litalien* noted that "considerable deference" should be afforded to the Legislature's formulation of SORNA. It held that two particular provisions of SORNA-1999 when applied retroactively ran afoul of the *ex post facto* prohibition:

---

[1] The State points out that Mr. Speed did not raise the constitutional issues at the administrative hearing, and thus they are waived. It is not clear the administrative hearing officer could address these issues. In any event, since the parties have briefed the merits, I will address them as well.

lifetime registration without any opportunity for relief and quarterly in-person verification.

The Law Court has consistently held that the State and Federal constitutional mandates requiring that parties be afforded "Due Process" when rights are at stake and prohibiting *ex post facto* legislation are co-extensive.

Thus, the requirement for retroactive, lifetime registration, standing alone, is not unconstitutional. *Smith v. Doe*, 538 U.S. 101; *State v. Haskell*, 2001 ME 154, 784 A.2d 4.

The Law Court in *Litalien* held that the Legislature enacted SORNA in response to a compelling public policy issue. Thus, applying it to a category of offenders – Class A sex offenders – without a mechanism for an individualized risk assessment does not violate "Due Process" rights.

Finally, in response to *Litalien*, the Legislature amended SORNA to address the constitutional concerns raised by the Law Court. A procedure was established to permit a lifetime registrant to petition for relief from this obligation and the requirement for quarterly, in-person reporting was modified to permit quarterly verification by mail with in-person verification at five-year intervals.

These amendments squarely address and remedy the mandates of SORNA, which the Law Court cited as implicating the *ex post facto* prohibition. Thus, this appeal must fail.

The entry will be as follows:

The Petitioner's appeal is Denied and the administrative decision is Affirmed.

Dated:      July 27, 2011

G. Arthur Brennan
Justice, Superior Court

3

Petitioner's Attorney:

Robert Ruffner, Esq.
Law Office of Robert J. Ruffner
80 Exchange Street, Suite 32
Portland, ME 04101


Respondent's Attorney

Laura Yustak Smith, A.A.G.
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006